UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) E.D. TENN MAG. NO.: 1:11-mj-301 |
| v. | ) CHG DIST. No. 2:11-cr-124-FtM-29DNF |
| | ) Middle District of Florida |
| RANDALL KLUGE | )      *LEE* |

## MEMORANDUM AND ORDER

The defendant appeared before the undersigned on December 9, 2011, in accordance with Rules 5 and 5.1 of the Federal Rules of Criminal Procedure for an initial appearance and related proceedings on an Indictment out of the U.S. District Court, Middle District of Florida, Ft. Myers Division. Those present for the hearing included:

(1) AUSA Jay Woods for the USA.
(2) Defendant RANDALL KLUGE.
(3) Attorney Anthony Martinez with Federal Defender Services of Eastern Tennessee as standby counsel for defendant.

After being sworn in due form of law, the defendant was informed or reminded of his privilege against self-incrimination accorded him under the 5th Amendment to the United States Constitution. The defendant had been provided with a copy of the arrest warrant and indictment and had the opportunity of reviewing those documents himself and with standby counsel. It was determined the defendant was capable of being able to read and understand the copy of the aforesaid documents he had been provided.

AUSA Woods moved that the defendant be detained without bail. The defendant waived his right to an identity hearing in this district but requested a detention hearing, which was held.

### Detention Hearing - Proof

FBI Agent Scott Barker, U.S. Probation Officer Bryan Williams, Officer Leann Blevins, Terry Gentry, Carl Kluge, and the defendant testified at the hearing. The parties also presented their respective arguments concerning the issues of detention or release, which were fully considered by the Court.

### Findings

There is clear and convincing evidence that the defendant is a danger to the community and by the preponderance of the evidence that the defendant is a risk of nonappearance. The pretrial

1

service report contains information that shows the defendant has ties to multiple communities and countries and unverifiable employment. Agent Barker testified about the defendant's passive resistance upon arrest. In addition, based on the circumstances listed in the pretrial services report, the probation office recommended detention. Defendant is experiencing, at least, depression which appears to contribute to his being emotionally distressed regarding the circumstances of the state's removal of "his children". He has an active warrant against him for stalking the state employee he believes is responsible for taking "his children". I conclude the defendant is currently a danger to the community and a risk of non-appearance and that there are no conditions or combinations of conditions that can assure defendant's appearance or the safety of any other person and the community at this time. Defendant must therefore be detained without bail.

It is ORDERED:

(1) The government's motion that the defendant be DETAINED WITHOUT BAIL is GRANTED. Defendant shall be transferred to the U.S. District Court, Middle District of Florida, Ft. Myers Division.

(2) The U.S. Marshals Service shall transport the defendant to the U.S. District Court, Middle District of Florida, Ft. Myers Division for arraignment and further proceedings on a date to be determined once the defendant is in said district.

ENTER.

                                        s/ *Susan K. Lee*
                                        SUSAN K. LEE
                                        UNITED STATES MAGISTRATE JUDGE